Case 1:08-cv-00893-WSD   Document 5   Filed 03/28/08   Page 1 of 8

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

MAR 28 2008

JAMES N. HATTEN, Clerk
By: [signature] Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| DWAYNE ADRIAN KIRKLAND, INMATE NO. 40297-019, Plaintiff, | : : : : | PRISONER CIVIL RIGHTS 28 U.S.C. § 1331 |
| v. | : : : | CIVIL ACTION NO. 1:08-CV-0893-WSD |
| REBECCA T. GESS-VALAGOHAR; FEDERAL BUREAU OF PRISONS; HARLEY G. LAPPIN; UNITED STATES PROBATION OFFICE; and FREDERICK ROGERS, Defendants. | : : : : : : : : | |

## ORDER AND OPINION

Plaintiff, currently confined at the United States Penitentiary in Atlanta, Georgia, has submitted the instant pro se civil rights action. The matter is presently before this Court for a 28 U.S.C. § 1915A frivolity determination.

I. The Standard of Review

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint to determine whether the action is either: (1) frivolous, malicious or fails to state a claim on which relief may be granted; or (2) seeks monetary relief against a defendant who is immune from

AO 72A
(Rev.8/82)

such relief. A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). A complaint may be dismissed for failure to state a claim when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Brower v. County of Inyo, 489 U.S. 593, 597 (1989).

In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), the Supreme Court held that the violation of a person's constitutional rights by a federal official may give rise to an action for damages in federal court, brought pursuant to 28 U.S.C. § 1331. "Because of the similarity in the causes of action, . . . [courts] 'generally apply § 1983 law to Bivens cases.'" Wilson v. Blankenship, 163 F.3d 1284, 1288 (11th Cir. 1998) (quoting Abella v. Rubino, 63 F.3d 1063, 1065 (11th Cir. 1995) (per curiam)).

In order to state a claim for relief under Bivens or 42 U.S.C. § 1983, a plaintiff must satisfy two elements. First, a plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the

2

Constitution of the United States. Hale v. Tallapoosa County, 50 F.3d 1579, 1581 (11th Cir. 1995). Second, a plaintiff must allege that the act or omission was committed by a person acting under color of law. Id. If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claim, then the complaint is subject to dismissal, pursuant to 28 U.S.C. § 1915A. See Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1974 (2007) (more than merely "conceivable," a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face"); Papasan v. Allain, 478 U.S. 265, 286 (1986) (the court accepts as true the plaintiff's factual contentions, but not his legal conclusions that are couched as factual allegations); Beck v. Interstate Brands Corp., 953 F.2d 1275, 1276 (11th Cir. 1992) (the court cannot read into a complaint non-alleged facts).

II.   Discussion

   A.   Plaintiff's Allegations

On August 24, 1995, Plaintiff was convicted, pursuant to a jury trial held in Northern District of Georgia, of taking a motor vehicle shipped in interstate commerce from another person by force and use of a firearm during a crime of

3

violence. See United States v. Kirkland, Criminal Case No. 1:95-CR-0217-1-JOF (N.D. Ga. Jul. 11, 1997), aff'd, Case No. 97-8759, 138 F.3d 959 (11th Cir. Mar. 3, 1998) (table). On July 11, 1997, Petitioner was sentenced to 105 months imprisonment for the car-jacking conviction, sixty (60) months for the firearm conviction, to be served consecutively to the car-jacking sentence, and three years of supervised release.[1] Id. at Doc. 48. These sentences were also ordered to be served consecutively to the twenty-one (21) months he was ordered to serve when his supervised release was revoked on July 11, 1997. Id.; Kirkland v. United States, Criminal Case No. 1:89-CR-0319-ODE (N.D. Ga. Jul. 11, 1997).

In the instant complaint, Plaintiff alleges that his pre-sentence investigation ("PSI") contains inaccurate information about his juvenile record in Fulton County, Georgia. (Doc. 1 at ¶¶ 7-8). Plaintiff claims that this inaccurate information has resulted in the United States Probation Office labeling him "a sex offender" and being assigned a "high custody and security classification" by the Federal Bureau of Prisons ("BOP"). (Id. at ¶ 8).

---

[1] Plaintiff apparently absconded after trial, and he was not returned to federal custody until on or about June 10, 1997. Id. at Docs. 41-46.

4

AO 72A
(Rev.8/82)

Plaintiff states that he has "verbally objected to [the] inaccurate information" since 1995. (Doc. 1 at ¶ 7). During the last "ten years," Plaintiff has made his verbal objections to BOP "Unit Team Members." (Id. at ¶ 8). According to Plaintiff, in January of 2006, he "was finally able to contact the Juvenile Court of Fulton County which provided information that would aid to correct the false-inaccurate information within the P.S.I., or the necessary proof of a sealed, closed, expunged, adjudicated record." (Id. at ¶ 9). Plaintiff states that he forwarded this information to BOP "Unit Team Members/Case Manager/Unit manager. . . ." (Id. at ¶ 10). The Unit Team then forwarded this information to the P.S.I. investigator, Defendant Rebecca T. Gess-Valagohar, and the United States Probation Office. (Id.). Plaintiff also states that he exhausted his BOP administrative remedies on May 30, 2007. (Id.).

Gess-Valagohar allegedly informed Plaintiff "that she could not do anything from her office, and that it was out of her hands." (Id. at ¶ 11). According to Plaintiff, Gess-Valagohar also stated that "time-limitations" prevented her from assisting him. (Id. at ¶ 12).

On March 2, 2007, Plaintiff filed a motion for relief for newly discovered evidence in this Court. Kirkland, Criminal Case No. 1:95-CR-

5

0217-1-JOF at Doc. 106. (Doc. 1 at ¶ 11). On January 18, 2008, this Court entered an Order denying Plaintiff's motion. Kirkland, Criminal Case No. 1:95-CR-0217-1-JOF at Doc. 108.

Plaintiff contends that the use of the inaccurate information and failure to correct the information violates the Privacy Act, the Due Process Clause, and constitutes deliberate indifference by Defendants. (Doc. 1 at ¶¶ 14-19). Plaintiff asks this Court to order Defendants to remove the information about his juvenile record from his PSI and criminal record and to award him money damages. (Id. at pp. 4-6).

B. Res Judicata

Plaintiff previously filed a civil action in this Court which named these Defendants, contained the same allegations, and requested the same relief. See Kirkland v. Gess-Valagohar, et al., Civil Action No. 1:08-CV-0230-WSD (N.D. Ga. Feb. 21, 2008). On February 21, 2008, this Court dismissed the previous action on the merits. Id. at Docs. 4-5. The only differences between the two actions is that Plaintiff did not name one individual Defendant in this action who was named in the previous one, and he is not presently requesting as many forms of relief. Id. at Doc. 1.

6

AO 72A
(Rev.8/82)

The doctrine of res judicata bars Plaintiff from raising his claims in a second civil rights action. "Res judicata or claim preclusion refers to the preclusive effect of a judgment in foreclosing relitigation of matters that were litigated or could have been litigated in an earlier suit." I.A. Durbin, Inc. v. Jefferson Nat'l Bank, 793 F.2d 1541, 1549 (11th Cir. 1986). The doctrine of res judicata bars a subsequent suit when four elements are present: "(1) there must be a final judgment on the merits, (2) the decision must be rendered by a court of competent jurisdiction, (3) the parties, or those in privity with them, must be identical in both suits; and (4) the same cause of action must be involved in both cases." Id. (printed without corrections).

The previous action was dismissed on the merits by a court of competent jurisdiction. The Defendants in the instant action were named in the previously dismissed complaint. As to the fourth element, Plaintiff raised the same causes of actions in the previous complaint as he raises now. Accordingly, the instant civil rights action should be dismissed, pursuant to the doctrine of res judicata and 28 U.S.C. § 1915A. See Kinnell v. Graves, 265 F.3d 1125, 1127-28 (10th Cir. 2001) (res judicata bars relitigation of prisoner claims previously dismissed as frivolous).

III.   Conclusion

**IT IS ORDERED** that Plaintiff's civil action [Doc. 1] is **DISMISSED**, pursuant to 28 U.S.C. § 1915A.  For the purpose of dismissal only, Plaintiff is **GRANTED** leave to file this action in forma pauperis.  Plaintiff's motion for the appointment of counsel [Doc. 2] is **DENIED AS MOOT**.

**IT IS SO ORDERED**, this 27th day of March, 2008.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

8

AO 72A
(Rev.8/82)